**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIO ENRIQUE CHOY-ALVAREZ and ISABEL MATILDA SEBASTIAN-FUENTES, | No.    15-71176 |
| Petitioners, | Agency Nos.    A072-119-249 A072-403-636 |
| v. | ORDER |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

Before:  GRABER and N.R. SMITH, Circuit Judges, and ROSENTHAL,[*] Chief District Judge.

The prior memorandum disposition filed on December 15, 2017, is hereby amended concurrent with the filing of the amended disposition today.

With these amendments, the panel has voted to deny the petition for panel rehearing.  Judge Graber and Judge N.R. Smith have voted to deny the petition for panel rehearing en banc, and Judge Rosenthal has so recommended.

The full court was advised of the petition for rehearing en banc and no

---

[*]    The Honorable Lee H. Rosenthal, Chief United States District Judge for the Southern District of Texas, sitting by designation.

judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for rehearing and the petition for rehearing en banc are DENIED. No further petitions for rehearing or rehearing en banc may be filed in response to the amended disposition.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIO ENRIQUE CHOY-ALVAREZ and ISABEL MATILDA SEBASTIAN-FUENTES,<br><br>Petitioners,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No.  15-71176<br><br>Agency Nos.  A072-119-249<br> A072-403-636<br><br>AMENDED MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 5, 2017
San Francisco, California

Before:  GRABER and N.R. SMITH, Circuit Judges, and ROSENTHAL,[**] Chief District Judge.

Julio Enrique Choy-Alvarez and Isabel Matilda Sebastian-Fuentes, husband

and wife, petition for review of the Board of Immigration Appeals' ("BIA")

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Lee H. Rosenthal, Chief United States District Judge for the Southern District of Texas, sitting by designation.

dismissal of their appeal of an immigration judge's ("IJ") denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252(a).  We deny the petition for review.

1.     We lack jurisdiction to "review [the] determination of the Attorney General" that Choy-Alvarez is barred from asylum because he "has engaged in a terrorist activity."  8 U.S.C. §§ 1158(b)(2)(A)(v) & (D), 1182(a)(3)(B)(i)(I), 1227(a)(4)(B).  However, we retain jurisdiction over legal questions relating to the scope and meaning of the terrorism bar, withholding of removal, and relief under CAT.  *See Khan v. Holder*, 584 F.3d 773, 780 (9th Cir. 2009).

To the extent we have jurisdiction, the evidence does not compel us to conclude that the BIA erred in determining that Choy-Alvarez was ineligible for asylum or withholding of removal, because he had engaged in terrorist activity. *See Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc) (holding that we must uphold the agency's determination unless "the evidence not only supports, but *compels* the conclusion that the asylum decision was incorrect" (internal quotation marks omitted)).  First, substantial evidence supports the BIA's adverse credibility finding with regard to Choy-Alvarez's knowledge and relationship with the Shining Path terrorist organization.  Choy-Alvarez presented

inconsistent testimony, for which the BIA found he was unable to provide a reasonable explanation. Second, substantial evidence supports the BIA's conclusion that Choy-Alvarez failed to meet his burden of proof of establishing eligibility for asylum and withholding of removal. Because Choy-Alvarez's relationship and activities with the Shining Path indicated that the terrorist bar may apply, he had "the burden of proving by a preponderance of the evidence that such grounds do not apply." 8 C.F.R. § 1240.8(d). Choy-Alvarez was unable to establish by a preponderance of the evidence that he did not provide material support to the Shining Path.

Substantial evidence also supports the BIA's determination that Choy-Alvarez has not established that it is more likely than not he will be tortured in Peru. *Xiao Fei Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011). Choy-Alvarez has not presented any evidence that he would be tortured by or with the consent or acquiescence of the Peruvian government. *See* 8 C.F.R. § 208.18(a)(1).

2. Substantial evidence supports the BIA's conclusion that Sebastian-Fuentes failed to establish eligibility for asylum, withholding of removal, or relief under CAT; thus, we are not compelled to conclude otherwise. *See Lolong*, 484 F.3d at 1178. The BIA determined that there was no evidence of an objective basis for

3

Sebastian-Fuentes's stated fear of future persecution if she returns to Peru.[1]  *See id.*

 Although Sebastian-Fuentes's credible testimony about the four incidents in Peru satisfies the subjective component to establish a well-founded fear of future persecution, her fears are not objectively reasonable; Sebastian-Fuentes failed to present objective evidence to suggest an individualized risk of future persecution existed.  *See id.*  Thus, Sebastian-Fuentes failed to demonstrate that she was eligible for asylum.  Accordingly, Sebastian-Fuentes is unable to meet the more stringent standard for withholding of removal, *see Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004), and she has not shown that she is more likely than not to be tortured, *see Arteaga v. Mukasey*, 511 F.3d 940, 948-49 (9th Cir. 2007).

**PETITION FOR REVIEW DENIED.**

---

[1] The IJ found that Sebastian-Fuentes failed to establish past persecution. Sebastian does not challenge this finding.  Thus, it is waived.  *See Martinez-Serrano*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).